| | |
|---|---|
| HEATHER JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13-cv-01069-JMS-DML |
| | ) |
| TRAVCO INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## Order on Defendant's Motion to Bifurcate and Stay Claims Handling Discovery

Plaintiff Heather Jones's lawsuit against defendant Travco Insurance Company alleges that Travco (a) breached the parties' insurance contract by failing to pay Ms. Jones's claim under the underinsured motorist ("UIM") provision of the contract; (b) acted in bad faith in failing to pay her claim for UIM damages; and (c) acted in bad faith in handling her claim for coverage, whether or not Travco breached the insurance contract.

Ms. Jones was a passenger in a car that was struck from behind in an accident on December 23, 2011. The other driver's insurer paid the limits of his insurance--$50,000. Travco paid an additional $5,000 under a medical payments coverage provision and offered to settle the UIM claim for another $5,000. After receiving medical opinions about causation of Ms. Jones's injuries (but refusing to share them with Ms. Jones), Travco determined that the $55,000 Ms. Jones had received fully compensated all damages caused her by the accident. Travco again

offered $5,000 to settle the UIM claim.  Ms. Jones refused the offer and filed this case.

**Travco's Motion**

Travco moves the court to bifurcate adjudication of the bad faith claim and to stay all discovery relevant to that claim until Ms. Jones's breach of contract claim is tried to a jury.  After careful review of the parties' arguments, the court finds that discovery should not be stayed and that the request for bifurcation should be denied, but without prejudice to its renewal after discovery is complete.

**1. Stay of Discovery**

The court is not persuaded by Travco's argument that this is a case in which discovery relevant to the UIM coverage issue is substantially different from discovery relevant to the bad faith claim.  The causation issues relevant to the UIM coverage claim will include at least some discovery relevant to the claims-handling features of Ms. Jones's bad faith claim.  In deciding whether to pay Ms. Jones's UIM claim (and a medical payments coverage claim), Travco retained two doctors who reviewed various records and provided expert opinions to Travco.  As the court understands it, Travco relied on these doctors' opinions in deciding that Ms. Jones's damages caused by the car accident had been fully compensated by the $50,000 insurance limits payment from the underinsured driver and the extra $5,000 paid by Travco under coverage for medical payments.  Travco intends to use these doctors as witnesses at any trial of the UIM coverage claim to refute causation evidence presented by Ms. Jones and her experts.  As Travco points out, to prevail

on her UIM claim, Ms. Jones has the burden to prove that she suffered injuries and damages caused by the accident in excess of the $55,000 she was paid. Because causation may devolve into a battle of medical experts, Ms. Jones wishes to obtain discovery relevant to showing the biases of Travco's doctor witnesses.

That discovery necessarily will delve into Travco's claims handling work. It will include matters illuminating all the circumstances of the doctors' hiring by Travco in the claims adjustment process, all communications the doctors had with Travco representatives, and any evaluations of the doctors' opinions by Travco's claims representatives. This is just one area in which discovery relevant to the UIM claim overlaps with that relevant to the bad faith claims. There may be other ways in which evidence that either side may use to prove or defeat causation for purposes of the UIM claim might be intertwined with the decision-making that occurred in the claims adjustment process. As numerous courts have commented, cases with dual claims of breach of insurance contract and bad faith often involve intertwined and overlapping evidence. *E.g., Trinity Homes, LLC v. Regent Ins. Co.,* 2006 WL 753125 (S.D. Ind. March 20, 2006); *Lummis v. State Farm Fire & Cas. Co.,* 2005 WL 1417053 (S.D. Ind. June 16, 2005).

The cases cited by Travco in which courts have stayed or limited discovery on the bad faith claim and bifurcated it from the breach of contract claim have done so because of concerns of compromising the sanctity of privileged or sensitive communications potentially relevant solely to the bad faith claim but having no relationship to the breach of contract claim. *See Hartford Financial Services Group,*

*Inc. v. Lake County Park and Recreation Board,* 717 N.E.2d 1232, 1237 (Ind. Ct. App. 1999) (bad faith claim did not entitle insured to discover communications between the insurer and coverage counsel about whether the claim fell within the terms of the policy); *Burton Wells, Ltd v. Indian Harbor Ins. Co.,* 2009 WL 8463694 (N.D. Ill. July 13, 2009) (noting concerns that insurer would be prejudiced by allowing discovery of documents relevant to bad faith claim but not relevant to coverage claim); *Pfizer, Inc. v. Novopharm Ltd.,* 2000 WL 1847604 (N.D. Ill. Dec., 13, 2000) (bifurcation because of concerns that defendant must waive attorney-client privilege to properly defend himself on willfulness claim when those same communications were irrelevant to main claim).

This is not one of those cases. Or at least Travco has not attempted to demonstrate that the privileged nature of any documents will be compromised without a stay of discovery on the bad faith claim. Because there appears to be at least some overlap in discovery relevant to both the UIM and bad faith claims and because it is extraordinarily inefficient for the court to divide the discovery into two wholly separate tracts, the court DENIES Travco's request for a stay of discovery of information (through written discovery, depositions, or otherwise) relevant to Ms. Jones's bad faith claim.

## 2. <u>Bifurcation of Trials of the UIM and Bad Faith Claims</u>

The contents of Ms. Jones's response to Travco's motion convinces the court that she may indeed try to use evidence of Travco's claims-handling activities to

obfuscate whether her injuries and damages were caused by the accident and were worth more than the $55,000 she was paid.

Bifurcation, however, is expensive to the court—as well as to the parties. This court is too busy and too stretched for resources to conduct two jury trials for the same litigation. It is not inclined to bifurcate claims for trial except in unusual circumstances and where it is convinced that a properly instructed jury still may be prone to misuse evidence relevant to bad faith as substitutes for proof of causation on the breach of contract claim. *See Krocka v. City of Chicago,* 203 F.3d 507, 516 (7th Cir. 2000) (district court has discretion to bifurcate claims for trial so long as bifurcation "1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh Amendment").

Before deciding if this is one of those unusual cases, the court needs a better understanding of the evidence that may be introduced on the bad faith claim, the ways in which the evidence is relevant also to the UIM claim, and how the evidence might confuse a jury on the UIM claim.[1] That decision must await development of the evidence relevant to bad faith.

---

[1] It is also possible that the bad faith claim may be resolved, or narrowed, in the summary judgment context. *See Lummis v. State Farm Fire & Cas. Co.,* 2005 WL 1417053 (S.D. Ind. June 16, 2005) (finding that insurer had had good reasons to suspect arson and was entitled to summary judgment on the insured's bad faith claims handling allegation, even though the issue whether the fire was deliberately set by the insured must be tried to the jury for purposes of deciding the coverage claim).

## Conclusion

For the foregoing reasons, the court DENIES Travco's motion for stay of discovery and to bifurcate. (Dkt. 25). However, Travco may renew its motion to bifurcate trial of the UIM claim from the bad faith claim if it does so promptly after the close of discovery.

So ORDERED.

Date: 04/09/2014

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

**Distribution:**

**All ECF-registered counsel of record via email generated by the court's ECF system**